1

2

3

4                                  UNITED STATES DISTRICT COURT

5                                  NORTHERN DISTRICT OF CALIFORNIA

6

7   STEVEN WAYNE BONILLA,                          Case Nos.  23-cv-2507-PJH

8                    Plaintiff,                               23-cv-2745-PJH

                                                             23-cv-2746-PJH
9            v.
                                                             23-cv-2747-PJH
10  UNITED STATES DISTRICT COURT et.                         23-cv-2776-PJH
    al.,
11                                                           23-cv-2847-PJH
                 Defendants.                                 23-cv-2890-PJH
12

13                                                 **ORDER DISMISSING MULTIPLE
                                                   CASES WITH PREJUDICE**
14

15

16

17          Plaintiff, a state prisoner, has filed multiple pro se civil rights complaints under 42

18  U.S.C. § 1983.  Plaintiff is a condemned prisoner who also has a pending federal habeas

19  petition in this court with appointed counsel.  *See Bonilla v. Ayers*, Case No. 08-0471

20  YGR.  Plaintiff is also represented by counsel in state court habeas proceedings.  *See In

21  re Bonilla*, Case No. 20-2986 PJH, Docket No. 1 at 7.

22          Plaintiff presents nearly identical claims in these actions.  He names as

23  defendants various federal and state courts.  He seeks relief regarding his underlying

24  conviction or how his other cases were handled by the state and federal courts.

25          To the extent that plaintiff seeks to proceed *in forma pauperis* (IFP) in these cases,

26  he has been disqualified from proceeding IFP under 28 U.S.C. § 1915(g) unless he is

27  "under imminent danger of serious physical injury" at the time he filed his complaint.  28

28  U.S.C. 1915(g); *In re Steven Bonilla*, Case No. 11-3180 CW; *Bonilla v. Dawson*, Case

1    No. 13-0951 CW.

2         The allegations in these complaints do not show that plaintiff was in imminent

3    danger at the time of filing.  Therefore, he may not proceed IFP.  Moreover, even if an

4    IFP application were granted, his lawsuits would be barred under *Heck v. Humphrey*, 512

5    U.S. 477, 486-87 (1994), *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), *Demos v. U.S.*

6    *District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) or *Mullis v. U.S. Bankruptcy Court*,

7    828 F.2d 1385, 1393 (9th Cir. 1987).  Accordingly, the cases are dismissed with

8    prejudice.

9         The clerk shall terminate all pending motions and close these cases.  The clerk

10   shall return, without filing, any further documents plaintiff submits in these closed cases.

11        **IT IS SO ORDERED.**

12   Dated: June 27, 2023

13

14        _/s/ Phyllis J. Hamilton_
          PHYLLIS J. HAMILTON
15        United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

*United States District Court*
*Northern District of California*